IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GINGER SNOW AND SUSAN CAMPBELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-208 (MTT) ) |
| CIRRUS EDUCATION GROUP, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Cirrus Education Group, Inc. ("Cirrus Academy") has moved to dismiss Plaintiffs Ginger Snow and Susan Campbell's claims and strike factual allegations regarding Diana Humble.[1]  Doc. 7.  For the following reasons, the motion to dismiss for failure to exhaust administrative remedies is **DENIED without prejudice**. The Court defers ruling on the motion to dismiss the Plaintiffs' Title VII claims for failure to state a claim.  Cirrus Academy's motion to dismiss the Plaintiffs' claim under § 1981a is **GRANTED**, but the Plaintiffs are granted 14 days to amend their complaint to allege in Count II their § 1981 claim.  The motion to strike is **DENIED**.

### I. BACKGROUND

The Plaintiffs are Caucasian females who began working at Cirrus Academy in July 2016.  Doc. 1 ¶¶ 8, 9.  Snow worked as the "SPED Coordinator and Testing Coordinator" and earned an annual salary of approximately $58,000.  *Id.* ¶¶ 8, 16.

---

[1] Diana Humble is the plaintiff in another case against Cirrus Academy before the Court.  *Humble v. Cirrus Educ. Grp., Inc.*, No. 5:17-cv-192, Doc. 1 (May 18, 2017).

Campbell initially worked as a teacher until she was promoted to "RTI Coordinator, PBIS Coordinator, Testing Coordinator and Instruction Coach" and earned an annual salary of approximately $60,000. *Id.* ¶¶ 9, 16. The majority of Cirrus Academy's employees are African-American, including CEO and Superintendent Ashanti Johnson and Principal Gail Fowler. *Id.* ¶¶ 10-12. Cirrus Academy's employee handbook provides that the school principal shall develop a complaint procedure for employees who have allegedly been subject to discrimination and/or harassment. *Id.* ¶ 14.

Around November 2016, the Plaintiffs allegedly began receiving racially hostile text messages. *Id.* ¶ 18. Diana Humble, a white co-worker, also allegedly received these messages. *Id.* ¶ 21. Specifically, the alleged messages (1) referred to the Plaintiffs as "white bitches," "crackers," "Hitler lovers," and "white nazis;" (2) stated "black power" and that Cirrus Academy would be an "all black school" once "we get the whites out;" and (3) threatened the Plaintiffs and their families if they reported the harassment. *Id.* ¶¶ 18-19. Though the sender of the messages is unknown, the Plaintiffs allege that the messages were sent by co-workers because the messages included "cell phone photographs" of the Plaintiffs when they were in the school building during school hours. *Id.* ¶ 19.

The Plaintiffs claim that they, along with Humble, reported the messages to Principal Fowler but that Fowler took no action other than referring the Plaintiffs to Superintendent Johnson. *Id.* ¶¶ 20-21. In January 2017, the Plaintiffs allegedly forwarded by email some of the text messages to Superintendent Johnson, Cirrus Academy's attorney, and Principal Fowler, but the Plaintiffs claim no action was taken to protect them from harassment. *Id.* ¶ 22. Thus, the Plaintiffs requested to address the

School Board, which they believed was the last place in the chain of command to report their complaint, but were told by Cirrus Academy's attorney that they could not. *Id.* ¶¶ 23-24.

At some point, the Plaintiffs allegedly learned that their annual salary was less than that of their African-American co-workers who held similar positions but with less experience, education, and certifications. *Id.* ¶ 25. The Plaintiffs claim that after reporting the harassing messages as well as the pay discrepancy to the leadership at Cirrus Academy, they experienced "retaliatory conduct from their employer." *Id.* ¶ 26. In particular, the Plaintiffs allege, among other things, that:

(1) their personal belongings in their classrooms were taken and destroyed by Cirrus Academy personnel;

(2) they were told to stop complaining and "just do your job," to not communicate with each other, and that their careers would be taken away if they continued to report harassment and discrimination;

(3) the school administrators eavesdropped on their private conversations through the school telephone system;

(4) the school leadership contacted the Plaintiffs' cell phone providers and demanded all phone records, claiming they were school property; and

(5) they were told the school leadership would call local schools and "ruin the Plaintiffs' representations."[2]

*Id.* ¶ 27. The Plaintiffs believe Cirrus Academy followed through with its threat to keep them from finding other employment. *Id.* ¶ 32.

---

[2] Specific to Campbell, after reporting the alleged harassment and discrimination, Campbell alleges that she was arrested without cause, was assigned more duties, and did not have a raise in salary despite being offered one. Doc. 1 ¶ 27.

The Plaintiffs claim they have been wrongfully discharged due to reporting and complaining of racial discrimination and harassment. *Id.* ¶ 33. Snow and Campbell each filed a charge of discrimination with the EEOC and received their right-to-sue letter on March 3 and March 17, 2017, respectively. *Id.* ¶ 3.

In their complaint, the Plaintiffs assert, in Counts I and III, a claim for "Race Discrimination in Violation of Title VII" and a claim for "Retaliation in Violation of Title VII." *Id.* ¶¶ 34-36, 43-47. The parties assume, and the Court assumes as well for the purposes of Cirrus Academy's motion, that the Plaintiffs assert four specific Title VII claims: (1) a hostile work environment claim; (2) a disparate treatment claim; (3) a pay discrimination claim; and (4) a retaliation claim. Docs. 7-1 at 3-4; 9 at 9. In Count II, the Plaintiffs assert "Claims for Relief under the Civil Rights Act of 1991 and 42 U.S.C. § 1981a." Doc. 1 ¶¶ 41-42.[3]

In its motion to dismiss, Cirrus Academy argues that (1) the Plaintiffs did not administratively exhaust their Title VII claims for disparate treatment, pay discrimination, and retaliation; (2) all of the Plaintiffs' Title VII claims fail to state a claim; and (3) the Civil Rights Act of 1991, 42 U.S.C. § 1981a, does not provide an independent cause of action but merely provides remedies for a Title VII violation. Doc. 7 at 1. Cirrus Academy has also moved to strike the Plaintiffs' allegations regarding another white employee at Cirrus Academy, Diana Humble, because these allegations "are immaterial, impertinent, and scandalous." Doc. 7-1 at 1.

---

[3] The Plaintiffs also assert, in Count IV of their complaint, a state law claim for "Negligent Infliction of Emotional Distress." Doc. 1 ¶¶ 52-54. However, the Plaintiffs have voluntarily withdrawn this claim. Doc. 9 at 20.

## II. DISCUSSION

### A.     Exhaustion of Administrative Remedies

Cirrus Academy argues that the Plaintiffs' Title VII claims for disparate treatment, pay discrimination, and retaliation should be dismissed for failure to exhaust administrative remedies. Doc. 7-1 at 2-7. In *Bryant v. Rich*, the Eleventh Circuit outlined the procedure for district courts to follow when presented with a motion to dismiss for failure to exhaust. 530 F.3d 1368 (11th Cir. 2008) (citations omitted).[4] The Eleventh Circuit held that the defense of failure to exhaust is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment. *Id.* at 1374-75 (citations omitted). Thus, a district court is permitted to consider facts outside of the pleadings and resolve factual disputes, as long as the factual disputes do not decide the merits of a claim and the parties are given sufficient opportunity to develop a record. *Id.* at 1376 (citations omitted).

In the typical Title VII claim, there is no dispute with regard to what a plaintiff alleged in her EEOC charge. In that typical claim, the Court can then determine, based on the undisputed record, whether the plaintiff exhausted her administrative remedies. This case is not typical. Cirrus Academy has attached to its motion two unauthenticated one-page documents which, according to Cirrus Academy's brief, constitute the Plaintiffs' EEOC charges. Doc. 7-2 at 1-2. In response, the Plaintiffs have attached to their brief unauthenticated copies of what they contend are their EEOC charges. Docs.

---

[4] While the relevant issue in *Bryant* was whether the plaintiff exhausted his administrative remedies under the Prison Litigation Reform Act, there is no reason why *Bryant* should not apply to motions to dismiss under Title VII's exhaustion requirement. *See Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x. 421, 424-25 (11th Cir. 2010) (holding that the general exhaustion principals relied upon in *Bryant* also apply equally to Title VII exhaustion).

9 at 2 n.1-2; 9-1; 9-2. These near identical twenty-page attachments describe in some detail acts the Plaintiffs contend occurred during their employment by Cirrus Academy. In short, Cirrus Academy, as the movant, has not provided the Court with a record that supports its motion to dismiss for failure to exhaust administrative remedies. Accordingly, that motion is **DENIED**.

Still, the issue of exhaustion needs to be resolved, particularly with regard to Snow. Accordingly, the Court will convene a hearing to discuss the matter and the preparation of a scheduling order. In advance of that hearing, the Plaintiffs will provide the Court with affidavits authenticating the documents they contend constitute their EEOC charges. Ruling on Cirrus Academy's motion to dismiss for failure to state a claim is **DEFERRED** pending the resolution of exhaustion issues.

**B.    The Plaintiffs' Claim under 42 U.S.C. § 1981a**

Cirrus Academy argues that the Plaintiffs' claim under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, should be dismissed because § 1981a "merely provides remedies for a Title VII violation and does not create any substantive rights or provide an independent cause of action." Doc. 7-1 at 17 (citations omitted). In response, the Plaintiffs state that they intended to plead a cause of action pursuant to § 1981 and "inadvertently included an 'a'" after the code section. Doc. 9 at 19-20. Thus, the Plaintiffs contend that their claim asserted in Count II should properly be read as a claim under § 1981 for interference in contractual relations based on race. The Plaintiffs' complaint does not make this clear. Accordingly, Cirrus Academy's motion to dismiss Count II is **GRANTED**, but the Plaintiffs are granted 14 days to amend their complaint to

allege in Count II their § 1981 claim, including the facts upon which the claim is based.[5] No other amendment to the complaint shall be made.

**C.    Motion to Strike**

In addition to its motion to dismiss, Cirrus Academy has moved to strike the Plaintiffs' allegations relating to another white employee at Cirrus Academy, Diana Humble. Doc. 7-1 at 19. Pursuant to Federal Rule of Civil Procedure 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Cirrus Academy contends that because the Plaintiffs assert their claims in their individual capacity and have represented to the Court that their action is not related to any other pending action on the Civil Cover Sheet, any allegation relating to Humble is "immaterial to the resolution of whether [Cirrus Academy] is liable for the claims Plaintiffs have asserted. . . ." Doc. 7-1 at 19-20. The Court disagrees. While the Plaintiffs have asserted their claims in their individual capacity and may not have known about Humble's pending case prior to bringing suit, that does not mean the allegations pertaining to Humble are "immaterial." Most certainly, they are material to substantiate the Plaintiffs' claims. Accordingly, the Court **DENIES** the motion to strike. If Cirrus Academy is concerned of the possible prejudice that may arise should this case proceed to trial, it may raise that concern at trial under Federal Rule of Evidence 403.

### III. CONCLUSION

For the foregoing reasons, Cirrus Academy's motion to dismiss for failure to exhaust administrative remedies is **DENIED without prejudice**. The Court defers

---

[5] In other words, the facts upon which Count II are based shall be alleged within Count II and not simply incorporated by reference.

ruling on the motion to dismiss the Plaintiffs' Title VII claims until the exhaustion issue is resolved. Cirrus Academy's motion to dismiss the Plaintiffs' claim under § 1981a is **GRANTED**. However, the Court grants the Plaintiffs leave to amend their complaint within 14 days to allege in Count II their § 1981 claim. The motion to strike is **DENIED**.

**SO ORDERED**, this the 4th day of December, 2017.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT